328 So.2d 394 (1976)
William Joshua MILES et al., Plaintiffs-Appellants,
v.
William Julius MILES, Jr., et al., Defendants-Appellees.
No. 5349.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1976.
*395 Lawson L. Swearingen, Jr., Monroe, for plaintiffs-appellants.
Long & Peters, by Glenn T. Cambre, Jena, Patrick C. Morrow, Opelousas, for defendants-appellees.
Before HOOD, GUIDRY and PETERS, JJ.
GUIDRY, Judge.
William Joshua Miles, widower of Estelle Weems, joined by Mrs. Cleo Miles Wroten, Mrs. Vara Beatrice Miles Mannies, *396 Mrs. Beryl Estelle Miles Beebe and Mrs. Ruby Lynn Miles Hemphill, four of the five heirs of Estelle Weems, deceased, sued William Julius Miles Jr., one of the two forced heirs of William Julius Miles Sr., seeking judgment declaring two tracts of land situated in the Parish of LaSalle, title to which stands in the name of William Julius Miles, to belong ½ to William Joshua Miles and the other ½ to belong to the Succession of Estelle Weems.
Plaintiffs in their petition allege that William Julius Miles was married twice; first to Vaudie Lee Allbritton which marriage terminated in divorce and secondly to Ruby Idelle Berryhill, who predeceased William Julius Miles, having died on October 18, 1967. Two children were born of William Julius Miles' first marriage, William Julius Miles Jr., defendant and appellee and Leah Jean Miles Prickett. Mrs. Prickett is not named as a defendant in this proceeding.[1] William Julius Miles died intestate on December 21, 1972, while domiciled in Concordia Parish. His estate was thereafter opened and by judgment of the 7th Judicial District Court for Concordia Parish, his two children above named were recognized as his sole heirs and as such entitled to the ownership and possession of all properties entering his estate.
Plaintiffs allege in their petition that William Joshua Miles and Estelle Weems were married but once and then to each other of which marriage five children were born, namely, Cleo Miles Wroten, Vara Beatrice Miles Mannies, Beryl Estelle Miles Beebe, Ruby Lynn Miles Hemphill and William Julius Miles, deceased. Mrs. Estelle Weems Miles died intestate January 13, 1973. The estate of Estelle Weems has never been opened.
Also named as a party defendant in this proceeding is the "Unopened Succession" of Ruby Idelle Berryhill Miles, the lower court having appointed an Attorney, Glenn Cambre to represent the unopened succession.
The properties, ownership of which plaintiffs claim, were acquired by William Julius Miles Sr. during his lifetime by two acts of sale, a 13.33 acre tract by sale from William Joshua Miles, husband of Estelle Weems, dated December 15, 1958, and a 6 acre tract by sale from J. Ellis Miles, husband of Essie Gibson, dated January 10, 1967. These two tracts of land were acquired during William Julius Miles' marriage to Ruby Idelle Berryhill and presumably belonged to the community of acquets and gains which existed between them. Plaintiffs allege and contend that the sale first above referred to is a simulation the purported consideration of $200.00 having never been paid. As to the sale of January 10, 1967, plaintiffs contend that title to this 6 acre tract was placed in the name of the vendee, William J. Miles Sr. for purposes of convenience only; that William Joshua Miles, husband of Estelle Weems, actually paid the $300.00 consideration called for and although not named as vendee is the true and lawful owner of the property. Accordingly, plaintiffs assert that William Joshua Miles should be recognized as owner of a ½ interest in each of said tracts and that the other ½ interest therein should be brought back to the Succession of Estelle Weems Miles.
William Julius Miles Jr. excepted to the petition of plaintiffs on the ground that such petition stated neither a right nor a cause of action. The attorney appointed to represent the "unopened succession" of Ruby Idelle Berryhill joined in these exceptions by oral motion. The trial court sustained the filed exceptions and dismissed the suit of plaintiffs, holding that plaintiffs had failed to establish a right to proceed on behalf of their deceased mother, *397 her succession having never been opened; that the petition did not urge sufficient grounds for nullity of the judgment of possession rendered by the 7th Judicial District Court; and, plaintiffs failed to demonstrate any interest in the unopened succession of Ruby Berryhill. We affirm in part, on grounds other than those set forth by the Trial Judge, and reverse in part.
At the outset we feel that we should point out that although the Trial Judge in part reached a correct result that his reasons therefor are erroneous. It was not necessary for plaintiffs, Mrs. Wroten, Mrs. Mannies, Mrs. Beebe and Mrs. Hemphill, to have first been recognized as heirs by the probate court, before bringing suit to recover as an heir of their deceased mother. It is well settled that an heir can sue directly without having been recognized as such by the probate court, all that is required is that he furnish satisfactory evidence of his right to inherit. Long v. Chailan, 187 La. 507, 175 So. 42, 48; Guidry v. Caire, 195 La. 167, 196 So. 56; Catlett v. Catlett, 99 So.2d 135 (La.App.). In this case the evidence adduced on the trial of the exception of no right of action clearly establishes the right of the plaintiffs to sue as heirs of their deceased mother. The Trial Court apparently felt that it was necessary that the ex parte judgment of the 7th Judicial District Court be declared a nullity before plaintiffs could be adjudged entitled to the relief which they sought. This is error. Plaintiffs are not affected by that judgment. Their rights in the subject properties, if any, cannot be affected by a judgment which as to them is ex parte. In fact they would have no standing to seek a nullity of that judgment in the district court of Concordia Parish. As to the third premise relied upon by the trial court for sustaining the exceptions:
"It is further held the petition fails to establish or demonstrate a right of action or an interest in the unopened or open successions of . . . Ruby Berryman . . ."
we must confess that we do not understand the import of his ruling. In any event, we do notice that under the allegations of plaintiffs' petition the subject properties were purportedly acquired during the marriage between William Julius Miles and Ruby Idelle Berryhill; that the latter predeceased her husband, having died intestate on October 18, 1967; that no children were born of the marriage between William Julius and Ruby and she was survived at her death by her husband, her mother and collateral heirs. The succession representative appointed by a court of this state or the heirs of the deceased are certainly proper parties to this action. See LSA-C.C.P. Article 734. In this latter regard we observe that we know of no authority under our law which would permit the joinder as a party defendant of an "unopened succession" by the appointment of a curator ad hoc.
We turn now to a consideration of the exceptions filed by the defendant, William Julius Miles Jr., considering first this exception insofar as it relates to the attack of plaintiffs on the sale dated December 15, 1958.

THE SALE OF DECEMBER 15, 1958
The record reflects that by deed dated December 15, 1958 passed before J. E. Nugent, a Notary Public of LaSalle Parish, Louisiana, William Joshua Miles, husband of Estelle Weems, conveyed unto his son, William J. Miles, husband of Ruby Idelle Berryhill, Lot 5 of the partition between Margaret Pauline Russell Craddox et al being a 13.33 acre tract situated in the NE/4 of NW/4 Section 24, Township 10 North, Range 1 East. The sale was made in consideration of the sum of $200.00 cash the receipt of which the vendor acknowledged. It is this sale that the plaintiff-vendor and four of the heirs of his deceased wife seek to have declared a simulation. Plaintiffs do not aver that *398 the vendee was guilty of fraud or that the sale is invalid by reason of mutual error or force, rather they simply allege that no consideration was actually paid to the vendor. Following the institution of suit petitioners directed interrogatories to be answered by defendant, William J. Miles Jr. The latter responded categorically and under oath that his father did in fact acquire the 13.33 acre tract by purchase from William Joshua Miles; that the recited consideration was in fact paid by William J. Miles and received by the vendor; and, that following execution of the sale the vendee went into possession of such property and retained such possession until his death.
It is well settled in our jurisprudence that a sale of immovable property in the form of an authentic act which recites consideration cannot be attacked by a party thereto who attempts to controvert the recital of consideration by proof that the consideration was not actually given, unless the attacking party alleges fraud, mutual error, or force; or produces written evidence in the nature of a counter-letter; or, the lack of consideration is indicated by answers to interrogatories or requests for admissions of fact. Templet v. Babitt et al., 198 La. 810, 5 So.2d 13; Johnson v. Johnson,191 La. 408, 185 So. 299; Jeansonne et al v. Jeansonne, 171 So. 497; Lewis v. Clay, 221 La. 663, 60 So.2d 78; R.C.C. Articles 2236, 2237 and 2276. It is equally well settled that forced heirs have an absolute right to annul by parol evidence the simulated contracts of those from whom they inherit and in this regard are not restricted to their legitime. R.C.C. Articles 2239; 2444; 2480; Crain v. Crain, 175 So.2d 665; Camus v. Camus, 91 So.2d 120; Miller v. Arnold, 81 So.2d 181; Succession of Elrod v. Elrod, 218 So.2d 83.
Applying these well settled legal principles to the matter under consideration it necessarily follows that plaintiff, William Joshua Miles, the vendor, has neither stated a cause of action nor does he have a right of action to annul the sale of December 15, 1958 and the trial court properly sustained the filed exceptions insofar as he is concerned. On the other hand, it is equally clear that the other plaintiffs, Mrs. Wroten, Mrs. Mannies, Mrs. Beebe and Mrs. Hemphill, as forced heirs of Estelle Weems, deceased, do state a cause of action and likewise have a right of action to seek to have the 1958 sale declared a simulation and therefore the trial court erred in sustaining these exceptions as to them.

THE SALE OF JANUARY 10, 1967
By deed dated January 10, 1967, passed before Mrs. Myrtle H. Ory, a Notary Public of LaSalle Parish, J. Ellis Miles, husband of Essie Gibson, conveyed unto William Julius Miles, husband of Ruby Idelle Berryhill, a six acre tract of land situated in the W/2 of NW/4 Section 25, Township 10 North, Range 1 East, Town of Tullos, LaSalle Parish, Louisiana. This sale was made for a recited consideration of $300.00 cash the receipt of which the vendor acknowledged. This sale was later corrected as to description by an authentic act dated September 1, 1967. As to the property covered by this sale and correction deed plaintiffs seek judgment recognizing William Joshua Miles as owner of ½ thereof and the Succession of Estelle Weems as owner of the other ½ interest and allege in their petition the following as grounds therefor:
"Petitioners aver that in truth and fact the act of sale referred to in paragraph 8 hereinabove was executed by the said J. Ellis Miles for the purpose of transferring and conveying ownership of the property described therein to petitioner, William Joshua Miles. Petitioners further show that the recited consideration of $300.00 cash was not paid by the purported vendee, William Julius Miles, but rather was paid to the vendor by petitioner William Joshua Miles. Petitioners show further that the said William *399 Julius Miles was named as the vendee of the said property solely for the convenience of your petitioner, William Joshua Miles, and that the true and rightful owner of the property is William Joshua Miles."
As in the case of the other sale here under attack plaintiffs do not allege fraud, mutual error, force or that a counter-letter exists. As in the case of the 1958 sale defendant responded under oath to interrogatories propounded to him that William Julius Miles was the purchaser, that he actually paid the recited consideration and subsequently went into possession of the property and held such possession until his death.
The holdings in the cases of Scurto v. LeBlanc, 191 La. 136, 184 So. 567 and Eberle v. Eberle, 161 La. 313, 108 So. 549 are dispositive of the issue presented. In Scurto, supra, the court stated:
"It is axiomatic under the law and jurisprudence of this State that parol evidence is inadmissable to create a title in one who never owned the immovable property or to show that the vendee was in reality some other person than the person named in the act of sale. Ceromi v. Harris, 187 La. 701, 175 So. 462, and the authorities therein cited.
And it has been held that the rule finds no exception in the case of a purchase of real estate by an agent with funds alleged to belong to his principal. Hackenburg v. Gartskamp, 30 La.Ann. 898; Perrault v. Perrault, 32 La.Ann. 635; Stierle v. Kaiser, 45 La.Ann. 580, 12 So. 839.
Even where real estate is acquired with stolen money the owner of the money does not become the owner of the property. George v. Campbell, 26 La.Ann. 445.
It is also the general rule of our jurisprudence that the verity and reality of authentic sales of immovable property can be assailed only in two ways: First, by means of a counter letter; second, by the answers of the other party to interrogatories on facts and articles, which stand in lieu of and are equivalent to a counter letter. Godwin v. Neustadtl, 42 La.Ann. 735, 7 So. 744.
When answers to interrogatories on facts and articles are used to supply the place of a counter letter, they are not subject to contradiction by anything short of a counter letter or other written evidence. Id.
The rule finds its only relaxation where the owner of real estate is influenced by fraud or error to rest his title in another. LeBleu v. Savoie, 109 La. 680, 33 So. 729; Maskrey v. Johnson, 122 La. 791, 48 So. 266; Cuggy v. Zeller, 132 La. 222, 61 So. 209; Hodge v. Hodge, 151 La. 612, 92 So. 134."
One claiming as a forced heir is equally without right under LSA-C.C. 2239 to create by parol evidence a title in one who never owned the immovable property or to show that the vendee was in reality his ancestor rather than the person named in the act of sale. In Eberle, supra, the court speaking to this issue, said:
"For a forced heir to avail himself of this article (2239, as amended) it ought to appear that the property belonged to his ancestor by some title recognized by law, such, for instance, as by act of sale, or by inheritance, or by prescription, and that his ancestor thereafter apparently transferred the property to another, or made some other simulated contract with reference to it. It is the transfer or contract, made by the ancestor, as owner of the property, that his forced heir may attack as simulated, and show the simulation by parol evidence. In other words, a forced heir may attack by parol a transfer made by his ancestor, for the purpose of showing that it was a simulation, in order to bring the property back into his ancestor's succession or to recover *400 it for himself, but he cannot use parol evidence to bring into the succession or recover property, which under no form of title recognized by law ever belonged to his ancestor or to his ancestor's succession."
To the same effect as Scurto, supra, and Eberle, supra, see: Succession of Nelson, 224 La. 731, 70 So.2d 665; Little v. Haik, 246 La. 121, 163 So.2d 558; Burt v. Valois, 144 So.2d 196 (La.App.); and Hayes v. Muller, 245 La. 356, 156 So.2d 191.
Considering the above, plaintiffs not having alleged fraud, mutual error, force or that a counter-letter exists and defendant's answers to the interrogatories propounded to him not being subject to contradiction it is axiomatic that plaintiffs have neither stated a cause of action nor do they have a right of action to alter the 1967 sale as they seek to do. Therefore, we conclude for these reasons that the trial court was correct in sustaining the filed exceptions to the attack made on the sale of January 10, 1967.
For the above and foregoing reasons the trial court judgment is affirmed insofar as it sustained the exceptions of no cause and no right of action and dismissed the demand of plaintiff, William Joshua Miles, and insofar as it dismisses the demand of the other plaintiffs, Mrs. Wroten, Mrs. Mannies, Mrs. Beebe and Mrs. Hemphill as to the sale of January 10, 1967; but such judgment is reversed insofar as it dismisses the demand of plaintiffs, other than William Joshua Miles, to have the sale of December 15, 1958 declared a simulation. Accordingly, this matter is remanded to the District Court for further proceedings consistent with the views herein expressed, the costs of this appeal to be equally divided between appellants and appellee. Costs of the trial court are to await a final determination of this matter.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] Although the record does not indicate why Mrs. Prickett was not joined as a party in brief counsel for the "unopened Succession" of Ruby Idelle Berryhill suggests that after the filing of this suit Mrs. Prickett conveyed her interest in the subject properties to William Julius Miles Jr.