832 So.2d 1185 (2002)
Roderick J. ROWAN
v.
TOWN OF ARNAUDVILLE.
No. 02-0882.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
*1187 Patrick Craig Morrow Sr., Morrow, Morrow, Opelousas, LA, for Town of Arnaudville, LA.
Dwight David Reed, Attorney at Law, Opelousas, LA, for Roderick J. Rowan.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, and MARC T. AMY, Judges.
SAUNDERS, Judge.
The appellant, Roderick J. Rowan, appeals the judgment of the trial court granting the Town of Arnaudville's Peremptory Exception of No Right of Action. Mr. Rowan asserts that, as the successor in title to the property, he retains the same obligations and rights as the original owner.

FACTS
On March 8, 1991, Alveston Rowan and Lena Castille Rowan entered into a contract of lease with the Town of Arnaudville (hereinafter the "Town"). The lease term was twenty-five years and it called for payments of $200.00 per year, with a $25.00 increase every five years and a right to renew or re-lease for an additional twenty-five years at the end of the original lease term. Included in the lease was a servitude of passage for the Town's water tower. Mrs. Rowan signed the contract of lease above a signature line captioned, "LENA CASTILLE ROWAN, LESSOR."
An Act of Cash Sale was made on July 8, 1997, whereby Lena Castille Rowan sold to her son, Roderick J. Rowan, the property subject to the existing lease with the Town. The Act of Sale included a subrogation of all her rights and actions of warranty. The sale was made in consideration of the price of $1000.00 cash. The Act of Sale further noted that the property conveyed was not the family home of the vendor, but will be the family home of the vendee.
On January, 24, 2002, Mr. Rowan filed a "Petition on Suit," seeking an annulment of the lease and removal, by the Town of Arnaudville, of all appurtenances placed there by the Town. Mr. Rowan seeks this annulment of the original lease on the basis that there was "no intent expressed therein by Lena Castille Rowan to lease her interest to the Town of Arnaudville." Mr. Rowan claims the property leased to the Town was the separate property of Lena Castille Rowan, not community property of the marriage of Alveston Rowan and Mrs. Rowan. It is argued that only Alveston Rowan was referenced in the text of the contract of lease, and, therefore, Mrs. Rowan did not signify an intent to lease the property.
On February 19, 2002, the Town filed a Peremptory Exception of No Right of Action. At a hearing on March 27, 2002, the trial court granted the Town's exception. On appeal, Mr. Rowan contends that the lease, between the Town and Mr. and Mrs. Rowan, was not valid because Mrs. Rowan never signified her intent to lease property. Since he has purchased the property subject to the lease, he claims he has acquired all rights and obligations of Mrs. Rowan with respect to said land. As such, he argues that he maintains a right of action to challenge the lease and the trial court erred in granting the Town's peremptory exception.

*1188 LAW AND ARGUMENT

The Town argues that Roderick Rowan has no right of action to prosecute this suit. The lease was an authentic act, duly recorded in the Public Records. The only claim by Mr. Rowan in his petition is that the lease should be annulled because Lena Castille Rowan expressed no intent to lease her interest in the property to the Town. The Town argues that this claim by Mr. Rowan is controverted by Mrs. Rowan's signature on the lease, as the lessor of the property.
The standard for establishing the exception of no right of action is well developed and states that, "[w]hether a person has a right of action depends on whether the particular plaintiff belongs to the class in whose favor the law extends a remedy and raises the issue of whether plaintiff has the right to invoke a remedy that the law extends only conditionally." Northshore Capital Enterprises v. St. Tammany Hosp. Dist. # 2, 01-1606 p. 4 (La.App 1 Cir. 6/21/02); 822 So.2d 109, 112. This court [has recently expressed the appropriate standard for review of an exception of no right of action in Mississippi Land Co. v. S & A Properties II, Inc., 01-1623 (La.App. 3 Cir. 5/8/02); 817 So.2d 1200, reh'g denied. "An exception of no right of action has the function of determining whether the plaintiff has any interest in the judicially enforced right asserted. The function of this exception is to terminate the suit brought by one who has no judicial right to enforce the right asserted in the lawsuit. The determination of whether a plaintiff has a right of action is a question of law. Accordingly we review exceptions of no right of action de novo." (citations omitted) Id. at 1202-03.
The Town relies on Miles v. Miles, 328 So.2d 394 (La.App. 3 Cir.1976), to support its proposition that Mr. Rowan has no right of action in this case, and the trial court cited Miles when it granted the Town's exception. The court in Miles stated that:
[A] sale of immovable property in the form of an authentic act which recites consideration cannot be attacked by a party thereto who attempts to controvert the recital of consideration by proof that the consideration was not actually given, unless the attacking party alleges fraud, mutual error, or force; or produces written evidence in the form of a counter-letter; or, the lack of consideration in indicated by answers to interrogatories or requests for admissions of fact.
Id. at 398. The court in Miles went on to hold that, since the plaintiffs did not allege fraud, mutual error, force, or that a counter-letter existed, they neither stated a cause of action nor did they have a right of action. We are troubled by the apparent conclusion of the court that, where there is no cause of action stated, there can be no right of action. We do not believe that to be the case and suspect that the court's language is unintentionally over-broad and was not intended as a doctrinal statement.
In the Code of Civil Procedure, the legislature explicitly granted potential defendants the exceptions of no cause of action and no right of action. These exceptions are enumerated separately within the recitation of possible peremptory exceptions.
Art. 927. Objections raised by peremptory exception
A. The objections which may be raised through the peremptory exception include but are not limited to the following:
*1189 (1) Prescription.
(2) Res judicata.
(3) Nonjoinder of a party under Articles 641 and 642.
(4) No cause of action.
(5) No right of action, or no interest in the plaintiff to institute the suit.
La.Code Civ.P art. 927. These objections are clearly intended by the legislature to be distinct remedies that can be brought in conjunction with each other where appropriate. It is possible for one to have a right of action, but to state no valid cause of action, and therefore be entitled to no recovery. Despite this conclusion and for the reasons stated below, we find that Mr. Rowan has no right of action in the present case. The question of whether he has a valid cause of action was not addressed by the trial court and is not presently before us.
Mr. Rowan is correct in his assertion that the legal rights and obligations of the seller of immovable property pass to the purchaser of that immovable property. In Prados v. South. Central Bell Tel. Co., 329 So.2d 744, 748 (La.1975), the Supreme Court has stated that, "[n]ot only the Obligation, but the Right resulting from a contract relative to immovable property, passes with the property ... and thus also the heir or other acquirer will have the right to enforce a contract made for the improvement of the property by the person from whom he acquired it." This transfer of rights and obligations, however, also requires a subsequent purchaser of immovable property to honor contractual obligations affecting the land acquired. "When, however, the lessor sells property during the term of a recorded lease, the purchaser in absence of a contrary stipulation is bound by the obligations of the lessor." Id. at 749.
However, the rights and obligations which automatically transfer to the purchaser, and which the court refers to above, are real rights. Jurisprudence clearly states that actions challenging the validity of a contract, or seeking to ratify or nullify a contract, even in the case of real estate transactions, are personal actions. See Fontenot v. Lewis, 215 So.2d 161 (La.App. 3 Cir.1968), Moore v. Wilson, 34,135 (La.App. 2 Cir. 11/3/00); 772 So.2d 373, Trinity Universal Ins. Co. v. Horton, 33-157 (La.App. 2 Cir. 4/5/00); 756 So.2d 637. Real rights and obligations transfer from the seller to the buyer without any special provision. La.Civ.Code art. 1763. Personal rights, however, do not transfer in the absence of a special assignment of rights to the buyer. La.Civ.Code art. 1764. Official Comment (d) of article 1764 states that, "a particular successor does not acquire, without stipulation to that effect, any personal rights that his author has with respect to the thing." In the Act of Sale between Lena Castille Rowan and Mr. Rowan, the only specific assignment of rights involved warranty of title and a "subrogation of all her rights and actions of warranty against all previous owners." (Emphasis added). The ability to challenge the validity of Mrs. Rowan's consent to the lease of her land is a personal action belonging to Mrs. Rowan. That personal action did not automatically pass to Mr. Rowan when he purchased the property from her, and Mrs. Rowan clearly did not convey that right to him by assignment in the Act of Sale.
Additionally, Mr. Rowan brings this action to nullify the lease contract on the basis that Mrs. Rowan, the original owner of the property at the time the lease contract was enacted, did not consent to the lease of the property. Louisiana Civil Code article 2670 provides that, "[t]o the *1190 contract of a lease, as to that of sale, three things are absolutely necessary, to wit: the thing, the price, and the consent." Mr. Rowan's argument that Lena Castille Rowan lacked the intent to lease the property in question goes to the matter of her consent in entering into the contract. An attempt to nullify a contract on the basis of consent clearly falls within the category of relatively null contracts as provided by the Louisiana Civil Code.
Art.2031Relative nullity of contracts
A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. A contract that is only relatively null may be confirmed.
Relative nullity may be invoked only by those persons for whose interest the ground for nullity was established, and may not be declared by the court on its own initiative.
This article speaks directly and clearly to the facts of the case before us and makes it clear that Mr. Rowan is not a party who may validly invoke the relative nullity of the lease contract at issue. Article 2031 clearly states that relative nullity may only be invoked by "those persons for whose interest the ground for nullity was established." Given this clear language, Mr. Rowan does not, as is required to maintain a right of action, belong to the class in whose favor the law extends a remedy. The concept of contract nullity is a remedy intended to protect the parties to a contract from being forced to honor contracts which they did not enter into freely. Mr. Rowan was not a party to the lease contract, and therefore is not a party for whose interest the ground for nullity was established.
Confirmation of a contract, as referred to in Article 2031 above, involves making the contract valid by formal assent. That assent can be evidenced through the typical actions signifying ratification of a defective contract. In the present case, Mrs. Rowan's acceptance of rent from the Town for six years could arguably qualify as a ratification of the contract even in the event the Contract were deemed defective. While no clear definition exists in the statutes or case law as to what confirmation acts validate a relatively null contract, jurisprudence makes it clear that acts sufficient to ratify a contract will act as confirmation of the contract. Confirmation and ratification are used almost interchangeably, or as non-exclusive actions. When a contract is ratified through the subsequent actions of the parties, that contract is confirmed by that ratification. See Hamilton v. McKee, 371 So.2d 1115 (La. 1979), Ponder v. Pechon, 274 So.2d 386 (La.1973), Placid Oil Co. v. Taylor, 291 So.2d 892, writ granted 294 So.2d 832 (La.1974).
We find no merit to Mr. Rowan's contention that Mrs. Rowan did not intend to lease the property in question. Her signature appears on the lease contract, and under her signature she is clearly designated as "Lessor". Additionally, Article 2031 provides that relatively null contracts are capable of being confirmed, through ratification, by the subsequent behavior of the parties. During the six years the lease was in effect prior to Mr. Rowan's purchase of the land Mrs. Rowan indicated no desire to challenge the validity of this lease contract in any way. To the contrary, she accepted regular rent payments for the property for six years. The acceptance of rent has clearly been established by jurisprudence as a ratification of *1191 a lease contract. "[T]he two lessors who were minors at the time the lease was executed have accepted rental payments under the lease since reaching majority. Their acceptance of rent has clearly validated the lease in its entirety, including the mortgage provisions, by ratification." Kavanaugh v. Berkett, 407 So.2d 645, 648 (La.1981).
We have read the case law Mr. Rowan presents in support of his contention that, as owner of the property subject to the lease with the Town, he has the capacity to exercise any rights which are attached to that property. We find these cases, while dealing with the peremptory exception of no right of action in various legal contexts, are not analogous to the narrow facts and issues presently before the court in this matter. They do not deal with a plaintiff, not a party to the contract at issue, challenging the validity of the contract on the basis of a contracting party's consent to enter into the agreement. Specifically, they do not deal with La.Civ.Code art. 2031, which is directly on point and controlling in this matter.

DECREE
Louisiana Civil Code Article 2031 is controlling. The Mr. Rowan has no right of action. The judgment of the trial court is affirmed. All costs of this appeal are assigned to Mr. Rowan.
AFFIRMED.
WOODARD and AMY, JJ., concur in the result.