# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-539

WADE P. RICHARD

VERSUS

DANIEL G. RICHARD, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2008-11108
HONORABLE JULES DAVID EDWARDS, III, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**REVERSED IN PART; AFFIRMED IN PART;
SUIT DISMISSED WITH PREJUDICE.**

Thomas K. Regan
P. O. Box 688
Crowley, LA 70527-0688
Telephone: (337) 783-7141
COUNSEL FOR:
    Defendant/Appellee - Glenn Deville, Marshall - Crowley City Court

Andre Doguet
1223 St. John Street
Lafayette, LA 70506
Telephone: (337) 235-7144
COUNSEL FOR:
    Defendant/Appellee - Daniel G. Richard

Wade Paul Richard
In Proper Person
123 E. Ash Street
Crowley, LA 70526
Telephone: (337) 384-5025

**THIBODEAUX, Chief Judge.**

The plaintiff-appellant, Wade Richard, brought an action for trespass against the defendants-appellees, Daniel Richard and Glenn Deville, alleging that the defendants caused movers to enter the property while the residents, Wade Richard and his mother, Marie Richard, were absent from the property and against the expressed wishes of the residents. The movers then unloaded furniture and personal property of Marie Richard and left it in the carport and driveway, blocking the residents' use of these areas. The defendants' exceptions of no cause of action and no right of action were granted by the trial court. Wade Richard appeals that judgment, and both defendants have answered the appeal, asserting an entitlement to damages for frivolous appeal.

Finding that Wade Richard stated a cause of action for which the law provides a trespass remedy to someone, we reverse the portion of the trial court's judgment granting the exception of no cause of action. However, we find that Wade Richard does not have a right of action for trespass, and we affirm the trial court's granting of the exception of no right of action. We decline to grant an award to the defendants for frivolous appeal.

I.

**ISSUES**

We must decide:

(1)    whether the trial court erred in granting the defendants' exceptions of no cause of action; and,

(2)    whether the trial court erred in granting the defendants' exceptions of no right of action.

## II.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, Wade Richard, is the son of the defendant, Daniel Richard, and Marie Richard, who is now deceased. Daniel and Marie were divorced. As part of the community property division, Marie received the exclusive use of a house on Ash Street in Crowley, and Daniel received exclusive use of a house on Lyons Point. Wade was living with his mother on Ash Street, caring for her and managing her affairs. Furniture and property belonging to Marie was to be moved from Daniel's house to Marie's house. Apparently, the removal and delivery of the furniture had been attempted previously without success.

Wade and Marie told the movers not to deliver Marie's property on October 24, 2007, and not until an off-duty officer was available to facilitate the move. On October 24, 2007, while Wade and Marie were away from the Ash Street house, the movers delivered Marie's furniture and left it outside under the carport and in the driveway, blocking the residents' use of those areas and exposing the movables to the elements and possible theft. On October 24, 2008, Wade filed a petition for damages, alleging criminal and civil trespass against the movers, against Daniel Richard and against Glenn Deville, the Crowley City Marshal. Wade further alleged that Daniel had conspired with Glenn Deville to watch the house and have the movers deliver the furniture and moveable property while Marie and Wade were away from the property, in violation of the exclusive use order prohibiting Daniel and his agents from entering the Ash Street property without Marie's permission.

Wade's petition alleged damages in the form of pain, suffering, mental anguish, wages, and costs associated with immediately securing the furniture and property indoors. Following a trial in this matter, the trial court granted the

2

exceptions of no cause of action and no right of action filed by two of the defendants, Daniel Richard and Glenn Deville. Wade Richard filed this appeal, and the defendants answered the appeal, requesting damages for frivolous appeal.

## III.

## <u>LAW AND DISCUSSION</u>

### Standard of Review

Both of the peremptory exceptions of no right of action and no cause of action pose a questions of law. Accordingly, we review these exceptions de novo. *See Rowan v. Town of Arnaudville*, 02-882 (La.App. 3 Cir. 12/11/02), 832 So.2d 1185.

### Exception of No Cause of Action
### For Civil Trespass

The Louisiana Supreme Court in *Industrial Companies, Inc. v. Durbin*, 02-665 (La.1/28/03), 837 So.2d 1207, articulated the function of the peremptory exception of no cause of action:

> First, we focus on whether the law provides a remedy against the *particular defendant* in this case. *Id.* The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to *anyone* under the factual allegations of the petition. *Cleco Corp. v. Johnson*, 2001-0175, p. 3 (La. 9/18/01), 795 So.2d 302, 304. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the *particular plaintiff* is afforded a remedy in law based on the facts alleged in the pleading. *Fink v. Bryant*, 2001-0987, p. 3 (La. 11/29/01), 801 So.2d 346, 348. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Cleco Corp.*, 2001-0175 at p. 3, 795 So.2d at 304; *Fink*, 2001-0987 at p. 4, 801 So.2d at 349. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a

de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. *Cleco Corp.*, 2001-0175 at p. 3, 795 So.2d at 304; *Fink*, 2001-0987 at p. 4, 801 So.2d at 349. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle *him* to relief. *Fink*, 2001-0987 at p. 4, 801 So.2d at 349. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Jackson v. State ex rel. Dept. of Corrections*, 2000-2882, p. 4 (La. 5/15/01), 785 So.2d 803, 806.

*Industrial*, 837 So.2d at 1213 (emphasis added).

A close reading of the above supreme court precedent reveals dichotomous reasoning in articulating the test to be applied at the trial of an exception of no cause of action. The referenced language from *Cleco* provides that the test is whether the petition has stated a cause for which the law provides a remedy to *anyone.* The referenced language from *Fink* indicates that the test is whether the petition states a cause for which the law provides a remedy to *a particular plaintiff.* All three cases, *Industrial,* and its cited cases of *Cleco* and *Fink,* recite both versions of the test, and many trial courts seem to have difficulty in distinguishing which is the proper test when trying an exception of no cause of action. However, *Industrial*, which reversed the trial court's decision to grant the defendant's exception, stated that the trial court's only concern should have been "whether the allegations in Industrial's petition were sufficient to state a cause of action against the defendants for recovery of the funds." *Industrial,* 837 So.2d at 1215.

We believe that precision is needed to resolve the problem of the dichotomous language, and we would place "for anyone" at the end of the last above-quoted phrase from *Industrial,* 837 So.2d at 1215. Our conclusion is buttressed by an examination of the codal article itself, La.Code Civ.P. art. 927, which lists

peremptory exceptions (5) and (6) respectively as "No cause of action" and "No right of action, or no interest in the plaintiff to institute the suit." Further, Section B of Article 927[1] speaks of no cause of action and no right of action in the disjunctive "or," indicating mutually exclusive alternatives. The phrase "in the plaintiff" refers to a right of action, not a cause of action. Thus, reference to a cause of action focuses not on whether a remedy is afforded to the plaintiff in the pending action, but whether the law affords a remedy to *anyone* under the accepted factual allegations. In other words, the proper plaintiff is not at issue at the trial of an exception of no cause of action, but is the exact *raison d'etre* for the exception of no *right of action*. Now we turn to the cause of action for trespass.

## Civil Trespass

A trespass occurs when there is an unlawful physical invasion of the property or possession of another. *Gaspard v. St. Martin Parish Sewerage Dist. # 1,* 569 So.2d 1083 (La.App. 3 Cir. 1990). A trespasser has been defined as "one who goes upon the property of another without the other's consent." *Pepper v. Triplet*, 03-619 (La. 1/21/04), 864 So.2d 181, 197 (citations omitted). Even though the work may have been done by another, the party supervising and/or directing the work and ordering the trespass is liable. *See Gaspard*, 569 So.2d 1083. Damages are recoverable for "unconsented to activities performed on the property of another, based on physical property damage, invasion of privacy, inconvenience, and mental and physical suffering." *Beacham v. Hardy Outdoor Advertising, Inc.*, 520 So.2d 1086, 1091 (La.App. 2 Cir. 1987).

---

[1]"The nonjoinder of a party, peremption, res judicata, the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, or discharge in bankruptcy, may be noticed by either the trial or appellate court on its own motion."

Article 2315 of the Civil Code provides in pertinent part that every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. The tort of trespass has long been recognized by courts throughout this state as a means to correct the damage caused when an owner is unjustly deprived of the use and enjoyment of his immovable.

*Britt Builders, Inc. v. Brister*, 18 So.2d 899, 903 (La.App. 1 Cir. 1993).

[A] defendant may be held liable for trespass even in the absence of intent - i.e. when the plaintiff offers proof that the defendant was at fault in causing the trespass pursuant to the general tort article, La. C.C. art. 2315. *See* M. Cresson, Comment, "The Louisiana Trespass Action: A 'Real' Problem," 56 La. L.Rev. 477 (1995), citing *Phillips v. Town of Many*, 538 So.2d 745 (La.App. 3d Cir. 1989); *Brown v. Bedsole*, 447 So.2d 1177 (La.App. 3d Cir.[), *writ denied,* 450 So.2d 358 (La.]1984).

*Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co.,* 00-2754 (La.App. 4 Cir. 11/14/01), 803 So.2d 86, 96, *writ denied,* 01-3292 (La. 3/8/02), 811 So.2d 887.

In his petition, Wade Richard alleges that he and his mother, Marie, told the moving company not to deliver the furniture and other movables on October 24, 2007, and not until an off-duty law enforcement officer could be present on the premises at the expected time of delivery. He further alleged that Marie was given exclusive use of the Ash Street property as part of a court-ordered division of property, in connection with Daniel and Marie's divorce, and that Daniel and his agents were prohibited from going on the property without Marie's consent.

Wade Richard also alleged in his petition that Daniel Richard and Glenn Deville caused the moving company to go to the Ash Street property when the residents were not present and, knowing that delivery had been refused on that date, unlawfully gave the movers authorization to enter the premises without the residents' permission, knowledge, or consent. In several paragraphs of his petition, Wade Richard specifically alleged civil and criminal trespass. Taking these allegations to

6

be true, as we are bound to do, we find that Wade Richard has stated a cause of action for civil trespass, where he alleged an unlawful physical invasion of the property or possession of another.

## Exception of No Right of Action
## For Civil Trespass

Article 927 of our Code of Civil Procedure describes the peremptory exception of no right of action as, "no interest in the plaintiff to institute the suit." La.Code Civ.P. art. 927(6). The article serving as the basis for the exception urging the objection that the plaintiff has no right of action is La.Code Civ.P. art. 681: "Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."

The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. *Industrial Companies, Inc. v. Durbin*, 837 So.2d 1207. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n,* 94-2015 (La. 11/30/94), 646 So.2d 885. Unlike the no cause of action exception, evidence is admissible to support or controvert the objection of no right of action when the grounds thereof do not appear from the petition. La.Code Civ.P. art. 931; *Louisiana Shrimp Ass'n v. Wayne Estay & Wayne Estay Shrimp Co.*, 05-29 (La.App. 5 Cir. 5/31/05), 905 So.2d 431.

In seeking a reversal of the trial court's judgment, Wade Richard contends that, even though he was not an owner of the Ash Street property, he was

7

a possessor and a resident there with his mother. Therefore, he has a right of action in trespass. We note that Wade Richard did not assert "possessor" or "lessee" status in his petition for damages. Rather, he referred to his mother and to himself as "residents" and "occupants" of the Ash Street property. Wade's petition did, however, allege facts establishing Marie's right of action for trespass, due to her court-ordered exclusive use of the Ash Street property, pursuant to the division of property between Daniel and Marie. Likewise, Marie was the owner of the furniture and movable property that was left in the yard of the Ash Street property. However, Wade asserted no representative status or capacity to sue on her behalf. Wade argues on appeal that he was a "tenant/resident" of the Ash Street property and, therefore, can file a "Tresspassing [sic] type" of claim against the movers who delivered furniture without the authorization from any resident, and that he has a "legal right" to pursue such a claim against Daniel Richard, the owner of the property in title only.

The defendants, Daniel Richard and Glenn Deville, assert that under *Larue v. Crown Zellerbach Corp.,* 512 So.2d 862 (La.App. 1 Cir.), *writ denied,* 514 So.2d 1176 (La.1987), one must be an owner or legal possessor of property in order to bring an action for trespass upon that property.

Wade Richard cites *Garrett v. Martin Timber Co., Inc.,* 391 So.2d 928 (La.App. 2 Cir. 1980), *writ denied,* 397 So.2d 804 (La.1981), for the proposition that the remedy for trespass is available to one who is only a possessor of property, even against the owner of the property. *Garrett* and its progeny are inapplicable to the present set of facts for several reasons. In *Garrett*, two landowners lay claim to a strip of land that adjoined both of their properties. Garrett did not sue the adjoining landowner; rather, he sued the timber company which tore down a fence that Garrett's family had built in the 1940's, and cut timber from the disputed strip. Evidence

8

indicated that Garrett's family thought the fence was the boundary and had farmed up to the fence for almost forty years. The second circuit articulated that when an action for trespass is predicated upon possession, it is very similar to the possessory action, and the one in legal possession could bring a suit for damages against one who disturbs his possession. Accordingly, the court found that in this action for trespass, Garrett need only prove possession and did not have to prove ownership. The court applied La.Civ.Code art. 3436, which, at that time, provided as follows:

> Art. 3436. Essentials of possession. To be able to acquire possession of property, two distinct things are requisite:
>
> 1.     The intention of possessing as owner.
>
> 2.     The corporeal possession of the thing.

Therefore, *Garrett* does nothing to advance Wade's claims to a right of action because Wade cannot fulfill criteria (1) above where he had no intention of possessing the Ash Street house as an owner. The second circuit in *Garrett* articulated that the type of activity necessary to constitute corporeal possession of land, pursuant to criterion (2) above, differs with the nature of the property, and that actions constituting corporeal possession on one type of property may be insufficient to constitute corporeal possession on other property. Wade is not a possessor under *Garrett.*

Likewise, the current Civil Code articles on possession provide in pertinent part as follows:

> Art. 3656. Same; parties; venue
>
> A plaintiff in a possessory action shall be one who possesses for himself. A person entitled to the use or usufruct of immovable property, and one who owns a real right therein, possesses for himself. A predial lessee possesses for and in the name of his lessor, and not for himself.

9

Art. 3660.  Same; possession

> A person is in possession of immovable property or of a real right therein, within the intendment of the articles of this Chapter, when he has the corporeal possession thereof, or civil possession thereof preceded by corporeal possession by him or his ancestors in title, and possesses for himself, whether in good or bad faith, or even as a usurper.

Wade does not have standing for a trespass action under the above articles because he did not have a legal usufruct of, or a real right in, the Ash Street property.  Moreover, his arguments are inconsistent where he claims on appeal to be a tenant or lessee, which is unsupported, and the lessee under article 3565 cannot be a possessor because he does not possess in his own name.  *See Pfister v. St. Bernard Cypress Co.,* Sup.1923, 155 La. 575, 99 So. 454, *certiorari denied,* 45 S.Ct. 125, 266 U.S. 625 (action for damages for cutting and removing timber could be maintained either by a possessor having a right to a possessory action or by an owner having a right to an action for the value of the timber cut and removed from his land); *See also Patin v. Blaize*, Sup.1841, 19 La. 396 (to entitle one to maintain an action for trespass on land, he should be the owner or in possession thereof, when the acts complained of were committed).

Wade has claimed to be a tenant, but has not asserted the existence of a lease, nor the identity of the lessor.  Therefore, he cannot show an entitlement to the protections of La.Code Civ.P. art. 2700, where, in the second paragraph, a lessor must warrant the lessee peaceful possession against a disturbance by a person who, "with the lessor's consent, has access to the thing."  If Daniel were the lessor, and Wade the lessee, Daniel would have had a duty to protect Wade from the disturbance caused by the movers and the Crowley Marshall.  However, these are not the facts.  If Wade's mother had been the lessor, even she had no duty to him because she did not give the

10

movers and the Marshall consent to access the property; and because, without the referenced consent, the lessor is not obligated to protect a lessee against a trespasser who does not claim a right in the leased thing. *See* Comment (d) of La.Code Civ.P. art. 2700.

Wade has not been able to show his status as a possessor, nor an owner, nor a lessee of the Ash Street property, even though evidence is permitted at the trial of an exception of no right of action. While a civil trespass is brought under La.Civ.Code art. 2315, under a duty-risk analysis, Wade has shown no duty on the part of the defendants to protect one without ownership, possessor, or lessee rights, from a furniture delivery, albeit vengeful, to the property he merely occupied. Moreover, Wade did not allege damage to the immovable property, and the movable property was his mother's property. Accordingly, Wade Richard is not a plaintiff who belongs to the class of persons to whom the law grants the cause of action asserted in the suit, and he has no right of action under La.Code Civ.P. arts. 927 and 681.

In *Washington Mut. Bank v. Monticello*, 07-1018 (La.App. 3 Cir. 2/6/08), 976 So.2d 251, 256-57, *writ denied,* 08-530 (La. 4/25/08), 978 So.2d 369, we stated:

> "The existence of the duty is clearly a question of law. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support a claim." *Nicholson v. Calcasieu Parish Police Jury*, 96-314 (La.App. 3 Cir. 12/11/96), 685 So.2d 507, 511 (citations omitted).

The only law that Wade has asserted that might support a claim are the statutes on criminal trespass, La.R.S. 14:63,[2] R.S.14:63.3[3] and R.S. 14:63.4.[4]

---

[2]§ 63. Criminal trespass

. . . .

B. No person shall enter upon immovable property owned by another without express, legal, or implied authorization.

However, this is an appeal of a civil suit, and there is no evidence that the district attorney has brought or prosecuted charges of criminal trespass. In spite of the inapplicability of the criminal statutes, because their provisions contain language that could arguably support a claim for trespass by the mere *occupant* or *custodian* of a house, we will not award damages to the defendants for frivolous appeal under La.Code Civ.P. art. 2164.

IV.

## CONCLUSION

Based upon the foregoing, we reverse the trial court's granting of the exception of no cause of action, and we affirm the trial court's granting of the exception of no right of action, dismissing Wade Richard's suit against Daniel

---

. . . .

Historical Notes: Possession:

Possession means "natural possession," which is the actual corporeal detention of the thing, such as *occupying* a house or the cultivation of land. It implies the detention, holding or controlling of property to the exclusion of others. *State v. Crappel*, 181 La. 715, 160 So. 309 (1935). (Emphasis added.)

[3]§ 63.3. Entry on or remaining in places or on land after being forbidden

A. No person shall without authority go into or upon or remain in or upon or attempt to go into or upon or remain in or upon any structure, watercraft, or any other movable, or immovable property, which belongs to another . . . after having been forbidden to do so, either orally or in writing, including by means of any sign hereinafter described, by any owner, lessee, or *custodian* of the property or by any other authorized person. (Emphasis added.)

[4]§ 63.4. Aiding and abetting others to enter or remain on premises where forbidden

A. No person shall incite, solicit, urge, encourage, exhort, instigate, or procure any other person to go into or upon or to remain in or upon any structure, watercraft, or any other movable which belongs to another, including public buildings and structures, ferries, and bridges, or any part, portion, or area thereof, knowing that such other person has been forbidden to go or remain there, either orally or in writing, including by means of any sign hereinafter described, by the owner, lessee, or *custodian* of the property or by any other authorized person. (Emphasis added.)

Richard and Glenn Deville with prejudice. We decline to grant these defendants' request for damages for frivolous appeal. Each party is to bear his own costs for this appeal.

**REVERSED IN PART; AFFIRMED IN PART; SUIT DISMISSED WITH PREJUDICE.**