TERRI F. LOVE, Judge.
hMr. Rene Bourquard, Sr. appeals the trial court judgment granting summary judgment in favor of Gill’s Crane and Doz-er Service, Incorporated. We find that Mr. Bourquard set forth no evidence that would support his contentions that Gill’s Crane committed a civil trespass, that the trial court improperly applied the Louisiana Environmental Quality Act, or that Gill’s Crane’s was responsible for Ausau-ma’s actions as an independent contractor. Thus, he would not be able to maintain his burden of proof at trial. Accordingly, we find that the trial court was correct in granting the motion for summary judgment and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Rene Bourquard, Sr. is the owner of property located at 11419 Almonaster Boulevard, New Orleans. In April 2007, Mr. Bourquard complained to the Louisiana Department of Environmental Quality (“LDEQ”) of unauthorized dumping on his Almonaster Boulevard property. The LDEQ conducted an inspection and ultimately issued a consolidated compliance order and notice of potential penalty finding that L.O. Ausauma Enterprises Incorporated (“Ausauma”) was contracted by Gill’s Crane and Dozer Service, Incorporated (“Gill’s Crane”) to clean up solid waste material located at another site, which was then transported by 12Ausauma to Mr. Bourquard’s Almonaster Boulevard property. The LDEQ simultaneously issued an administrative order directing Mr. Bourquard to remove the waste dumped by Ausauma on his Almonaster property.
On May 29, 2008, Mr. Bourquard filed a petition for damages against Ausauma and Gill’s Crane.[1] A motion for default was filed by Mr. Bourquard on June 30, 2008, to which Gill’s Crane responded with its motion for extension of time within which to plead, which was granted by the trial court. Gill’s Crane’s answer was subsequently filed on October 1, 2008. Prior to trial, Gill’s Crane filed a motion for summary judgment, alleging that Mr. Bour-quard had no evidence to support the alleged trespass by Gill’s Crane’s or that Gill’s Crane should be liable for the actions of Ausauma. The trial court granted Gill’s Crane’s motion for summary judgment, and this appeal followed.

STANDARD OF REVIEW

Summary judgments are reviewed using the de novo standard of review. Henry v. S. La. Sugars Co-op., Inc., 06-2764, p. 4, (La.5/22/07), 957 So.2d 1275, 1277, quoting Bonin v. Westport Ins. Corp., 05-886, p. 4 *251 (La.5/1/06), 930 So.2d 906, 910. “Thus, this court asks the same questions as does the trial court in determining whether summary judgment is appropriate.” Id. The “mover is entitled to judgment as a matter of law,” “if the pleadings, depositions, answers to interrogatories, and admissions on file, together "with affidavits, if any, show that there is not a genuine issue as to material fact.” La. C.C.P. art. 966(B). The mover carries the burden of proof. La. C.C.P. art. 966(C)(2). “[I]f the movant will not bear the burden of proof at trial ... the movant’s burden” is “to point out ... an |aabsence of factual support” for an element essential to the adverse party. La. C.C.P. art. 966(C)(2). Further, “an adverse party may not rest on the mere allegations or denials of his pleading.” La. C.C.P. art. 967(B). Summary judgment will be rendered against the adverse party if he does not “set forth specific facts showing that there is a genuine issue for trial.” La. C.C.P. art. 967(B).

SUMMARY JUDGMENT

Mr. Bourquard’s theory of liability rests on Gill’s Crane’s trespass onto the Almo-naster Boulevard property, its violation of the Louisiana Environmental Quality Act (“LEQA”), La. R.S. 30:2001 et seq., and the nature of the contractual relationship between Gill’s Crane and Ausauma.

Ti-espass

Mr. Bourquard alleges that Gill’s Crane committed a civil trespass by tearing down the gate to his Almonaster Boulevard property and dumping waste material there. “A trespass occurs when there is an unlawful physical invasion of the property or possession of another.” Richard v. Richard, 09-539, p. 5, (La.App. 3 Cir. 11/04/09), 24 So.3d 292, 296. A trespasser is “ ‘one who goes upon the property of another without the other’s consent.’ ” Pepper v. Triplet, 03-619, p. 23, (La.1/21/04), 864 So.2d 181, 197, quoting Williams v. J.B. Levert Land Co., 162 So.2d 53, 58 (La.App. 1st Cir.1964). “Even though the work may have been done by another, the party supervising and/or directing the work and ordering the trespass is liable.” Richard, 09-539, p. 5, 24 So.3d at 296.
The record is devoid of any evidentiary showing by Mr. Bourquard that Gill’s Crane trespassed onto his property. The unauthorized dumping itself proves that Mr. Bourquard did suffer a trespass, but nothing supports Mr. Bourquard’s contention that it was Gill’s Crane who committed the trespass.
^Moreover, Mr. Bourquard’s allegation that Gill’s Crane should be liable in trespass because it “set in motion” the disposal of the waste by Ausauma onto his property is not supported by the evidence. The nature of the relationship between Gill’s Crane and Ausauma was that of a principal and an independent contractor, such that the contractor’s methods were not subject to the control and direction of the principal. Gill’s Crane hired Ausauma to haul debris, and lacked authority over Ausauma to direct a location for the disposal of the waste. Accordingly, Gill’s Crane is not liable to Mr. Bourquard for any alleged trespass committed by Ausauma.
We conclude that the trial judge was correct to grant summary judgment for Gill’s Crane, in that Mr. Bourquard did not set forth specific facts showing a genuine issue for trial on his trespass theory.

Nature of the Waste

Mr. Bourquard argues that the trial court granted Gill’s Crane’s motion for summary judgment based on an improper application of LEQA. Specifically, Mr. Bourquard urges that the materials dumped without authorization at his Almonaster Boulevard property were “hazard *252 ous wastes,” which burdened Gill’s Crane with additional liability under LEQA’s hazardous waste provisions.
LEQA sets out separate and distinct regulations defining and differentiating between “solid waste” and “hazardous waste.” La. R.S. 80:2153(l)(a) defines “solid waste” as:
[A]ny garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility, and other discarded material, including solid, liquid, semi-solid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations, and from community activities, but does not include or mean solid or dissolved material | sin domestic sewage or solid or dissolved materials in irrigation return flows or industrial discharges which are point sources subject to permits under R.S. 30:2074, or source, special nuclear, or byproduct material as defined by the Atomic Energy Act of 1954, as amended (42 U.S.C. Section 2011 et seq.), or hazardous waste subject to permits under R.S. 30:2171 et seq.
La. R.S. 30:2173(2) defines “hazardous waste” as:
[A]ny waste, or combination of wastes, which because of its quantity, concentration, physical, or chemical characteristics may cause or significantly contribute to an increase in mortality or an increase in serious irreversible or incapacitating reversible illness, or pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, disposed of, or otherwise managed. Such definition shall be applied only to those wastes identified and designated as such by the department, consistent with applicable federal laws and regulations.
The LDEQ’s factual findings consistently identify the materials dumped at Mr. Bourquard’s Almonaster Boulevard property as “solid waste” material, from its initial field interview form in April 2007, through its final compliance order and administrative order issued in November 2007. As per La. R.S. 30:2173(2), only if the LDEQ itself defined the materials as “hazardous waste” would the heightened duties and expanded liability urged by Mr. Bourquard be imposed on Gill’s Crane.
Mr. Bourquard urges this Court to define the materials as “hazardous waste” for the purposes of imposing civil liability on Gill’s Crane without making any showing to controvert the LDEQ’s findings that the materials were “solid waste” rather than “hazardous waste.” Mr. Bourquard himself relied upon the LDEQ’s findings and submitted documentary evidence generated by the LDEQ in support of his opposition to Gill’s Crane’s motion for summary judgment. The record does not support Mr. Bourquard’s contention that a genuine issue of material fact existed as to the liability of Gill’s Crane under the hazardous waste provisions of|fiLEQA.
In the absence of an evidentiary showing by Mr. Bourquard refuting the LDEQ’s classification of the materials as “solid waste,” Gill’s Crane carried its La. C.C.P. art. 966 burden to demonstrate an absence of factual support for an essential element of Mr. Bourquard’s claim. Accordingly, we conclude that summary judgment in favor of Gill’s Crane was proper as a matter of law.

Contractual Relationship Between Gill’s Crane and Ausauma

Mr. Bourquard alleges that Gill’s Crane is liable for the damages he suffered from the unauthorized dumping by Ausauma of waste onto his Almonaster Boulevard property by virtue of the contractual relationship between Gill’s Crane and Ausauma. Ausauma was acting as an inde *253 pendent contractor, engaged by Gill’s Crane for “trash hauling,” at the time that Ausauma allegedly dumped solid waste onto Bourquard’s property without a permit or other authority from LDEQ.
Generally, principals are not liable for the negligence of independent contractors who are performing contractual work for the principal. See Williams v. Gervais F. Favrot Co., 499 So.2d 623, 625 (La.App. 4th Cir.1986). An independent contractor relationship exists when:
1) there is a valid contract between the parties;
2) the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it;
3) the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered;
4) there is a specific price for the overall undertaking; and
5) specific time or duration is agreed upon and not subject to termination at the will of either side without liability for breach.
Morales v. Davis Bros. Const. Co., Inc., 94-0902 (La.App. 4 Cir. 12/15/94), 647 So.2d 1302, 1305. The general rule of non-liability for the actions of independent contractors has two exceptions: (1) the owner “may not avoid liability if the work undertaken by the independent contractor is inherently or intrinsically dangerous;” (2) the owner “may be held liable if he exercises control over the contractor’s methods of operation or gives express or implied authorization to an unsafe practice.” Williams, 499 So.2d at 625.
Mr. Bourquard concedes that Ausauma was acting as an independent contractor for Gill’s Crane, but argues that, because the materials Ausauma was engaged to haul were of a hazardous nature, the ordinary rule of non-liability for the actions of independent contractors does not apply. Mr. Bourquard asks this court to second-guess LDEQ’s classification of the materials as “solid waste” rather than “hazardous waste.”
Because of LDEQ’s uncontroverted classification of the dumped materials as “solid waste,” Gill’s Crane again carried its La. C.C.P. art. 966 burden to demonstrate an absence of factual support for an essential element of Mr. Bourquard’s claim. Accordingly, we conclude that summary judgment in favor of Gill’s Crane was proper as a matter of law.

DECREE

From our de novo review of the record, we find that Gill’s Crane is entitled to summary judgment as a matter of law. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.

. The disposition of Mr. Bourquard's claim against Ausauma is not contained in the record. However, that claim is not the subject matter of this appeal.