| EMANUEL BAHAM | * | NO. 2022-CA-0551 |
| VERSUS | * | COURT OF APPEAL |
| FISK ELECTRIC COMPANY, REGIONAL TRANSIT AUTHORITY, ALL STAR ELECTRIC, INC. AND THE CITY OF NEW ORLEANS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |

\* \* \* \* \* \* \*

**BELSOME, J., DISSENTS AND ASSIGNS REASONS**

A review of the record in this matter demonstrates that there are genuine issues of material fact precluding summary judgment. Therefore, I would reverse the trial court's May 31, 2022, judgment.

As noted by the majority, Malone Electrical was the party to initiate contact with Louisiana One Call in August 2014 for the purpose of having the work site marked to indicate underground utilities; however, Louisiana One Call was subsequently not provided notice between forty-eight hours and one hundred twenty hours before the work was to be performed, as required by the Louisiana Underground Utilities and Facility Damage Prevention Law. While that statute fixes the duty to notify Louisiana One Call on J. Star Enterprises (as the "excavator" for the project), Mr. Baham contends – and the record supports – that Malone Electrical voluntarily undertook to render those services itself. In doing so, Malone Electrical may have assumed the duty to provide notice in the manner required by the statute, completing the task which it chose to commence. "[A]ssumption of duty arises when the defendant (1) undertakes to render services, (2) to another, (3) which the defendant should recognize as necessary for the protection of a third person." *Bujol v. Entergy Servs., Inc.*, 2003-0492, p. 16 (La. 5/25/04), 922 So.2d 1113, 1129. Mr. Baham established sufficient factual support

1

under those elements to defeat summary judgment on the issue.[1] Whether Malone Electrical's role in coordinating Louisiana One Call's services in August 2014 resulted in an assumption of duty, and whether breach of that duty caused Mr. Baham's injuries, are fact-intensive questions better left for trial. *See Schulker v. Roberson*, 91-1228, p. 5 (La. App. 3 Cir. 6/5/96), 676 So.2d 684, 688.

I also disagree with the majority's characterization of Malone Electrical's three specific requests for Louisiana One Call's services in August 2014 as mere "general communications about safety matters." The record reflects that Malone Electrical was closely and affirmatively involved in the project's safety conditions, as demonstrated by its role in coordinating with Louisiana One Call. Thus, I find *Hebert v. Rapides Par. Police Jury*, 2006-2001 (La. 4/11/07), 974 So.2d 635, and *Louisiana Citizens Prop. Ins. Corp. v. LAA Shoring, LLC*, 2016-1136 (La. App. 4 Cir. 6/14/17), 223 So.3d 17, to be distinguishable. Unlike the case *sub judice*, those cases did not involve an "affirmative undertaking" of a duty by the defendant, as gives rise to an assumption of duty. *Bujol*, 2003-0492, p. 21, 922 So.2d at 1133.

Finally, although the issue was not the primary focus of his argument on appeal, Mr. Baham's Statement of Contested Material Facts alleged that employees of Malone Electrical were present at the accident location on the date of the accident, a fact denied by Malone Electrical despite discovery responses reasonably indicating that its employees may have been present. While a principle is not generally liable for offenses committed by an independent contractor, exceptions to this general rule do exist. Even in the absence of an assumption of duty, a principle may not escape liability where it "reserves the right to supervise

---

[1] In addition to Malone Electrical's initial coordination with Louisiana One Call, I find the deposition testimony of J. Star's project manager, Willie Starling, to be particularly persuasive. Starling testified that J. Star relied on Malone Electrical to determine where the work should be done and whether there was anything underneath the ground in those particular spots. *See Bujol*, 2003-0492, p. 25, 922 So.2d at 1136 (recognizing that a defendant may assume a third party's duty where the third party or the plaintiff rely on the defendant's undertaking to provide for safety).

or control the work of the independent contractor," *Thompson v. Winn-Dixie Montgomery, Inc.*, 2015-0477, p. 12 (La. 10/14/15), 181 So.3d 656, 665, or where the principle "gives express or implied authorization to an unsafe work practice," *Bourquard v. L.O. Ausauma Enterprises, Inc.*, 2010-0323, p. 7 (La. App. 4 Cir. 11/17/10), 52 So.3d 248, 253. Because the presence of its employees is material to Malone Electrical's supervision and control of the work site on the day of the accident or its authorization of a work practice, a dispute as to that fact precludes summary judgment. La. C.C.P. art. 966(A)(3).

I respectfully dissent.