814 So.2d 60 (2002)
Carol Goodrow Perrilloux, Wife of/and Kenneth P. PERRILLOUX
v.
Helen Gail STILWELL.
No. 2000 CA 2743.
Court of Appeal of Louisiana, First Circuit.
March 28, 2002.
*61 Maurice Le Gardeur, Covington, for Plaintiffs-Appellants Carol G. and Kenneth P. Perrilloux.
Patricia R. Fox, Covington, for Defendant-Appellee Helen Gail Stilwell.
Before: CARTER, C.J., PARRO, and CLAIBORNE [1], JJ.
PARRO, J.
Carol Goodrow Perrilloux and her husband, Kenneth P. Perrilloux (the Perrillouxs), appeal a judgment sustaining the exception raising the objection of prescription and dismissing their trespass claims against their neighbor, Helen Gail Stilwell. For the reasons assigned, we reverse and remand.

BACKGROUND
The Perrillouxs filed a petition on August 19, 1999, claiming that a driveway being used on a daily basis by their neighbor, Ms. Stilwell, encroached on their property and that her refusal to relocate it and continued use of it constituted a continuing trespass on their property. According to the petition and attached surveys, the Perrillouxs bought their property in 1986, at which time a survey map prepared for them showed a shell driveway that had been constructed by the owners of the adjoining lot was encroaching upon one corner of the property. The adjoining property was foreclosed by a bank in October 1989, and the bank paid to relocate a portion of the driveway before selling it. However, the encroachment was not completely eliminated, and after the bank sold the property to Chester G. Bush, Jr., he signed a lease with the Perrillouxs to acknowledge that the driveway was partially on their lot and that he was using it with their consent.
*62 Mr. Bush sold the property to Ms. Stilwell in 1992. In connection with her purchase, a new survey map was prepared, showing the shell driveway was located entirely on her lot and did not encroach on the Perrillouxs' property. Apparently neither party addressed the subject of the driveway until after a new survey was prepared for the Perrillouxs in February 1999. That survey again showed that a portion of the driveway used by Ms. Stilwell encroached on the Perrillouxs' property. The petition alleges that Ms. Stilwell refuses to relocate her driveway or to acknowledge the Perrillouxs' possession and ownership of the portion of her driveway that overlaps their common boundary line. Moreover, she continues to use the driveway. In their petition, the Perrillouxs asked for a declaratory judgment recognizing that Ms. Stilwell has not obtained by title or otherwise a lawful right of passage over and across their property and that she is illegally trespassing on their property each time she uses the driveway. They also asked for unspecified damages and a permanent injunction to prevent Ms. Stilwell from trespassing on their property in the future.
In response to the petition, Ms. Stilwell filed a peremptory exception raising the objection that the trespass action had prescribed and a dilatory exception raising the objection of vagueness concerning the nature of the damages. After a hearing on the exceptions, the trial court sustained the exception raising the objection of prescription and dismissed the Perrillouxs' petition.[2] This appeal followed.

ANALYSIS
A suit seeking damages for trespass is an action in tort. Bennet v. Louisiana Pacific Corp., 29,598 (La.App. 2nd Cir.5/9/97), 693 So.2d 1319, 1321, writ denied, 97-1552 (La.10/3/97), 701 So.2d 199. Tort actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. LSA-C.C. art. 3492. When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage. LSA-C.C. art. 3493. Louisiana jurisprudence draws a distinction between damages caused by continuous operating causes and those caused by discontinuous operating causes. If the operating cause of the injury is continuous, giving rise to successive damages, prescription begins to run from the day the damage was completed and the owner acquired, or should have acquired, knowledge of it. See South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531 (La.1982). On the other hand, if the operating cause of the injury is discontinuous, there are a multiplicity of causes of action and of corresponding prescriptive periods. See LSA-C.C. art. 3493, Revision Comment (c); Crump v. Sabine River Authority, 98-2326 (La.6/29/99), 737 So.2d 720.
In its oral reasons for judgment, the court noted factual similarities between the case before it and the Crump case. There the Louisiana Supreme Court held that the continued presence of a canal on property of a third party, which had drained all the water from an oxbow lake on the plaintiff's property, was not a continuous tort. The court stated that the actual digging of the canal was the operating cause of the injury and that the continuous diversion of water was simply the *63 continuing ill effect from that act. Therefore, the plaintiff's claim, which she brought some twenty years after the canal was constructed, had prescribed. Crump, 737 So.2d at 727-28. The trial court in the case before us concluded that the existence of the driveway on the Perrillouxs' property could not be considered a continuing trespass, but only the continued ill effect of the original trespass, which was the construction of the driveway. Analogizing this to the situation in Crump, the court determined that the Perrillouxs' trespass action was prescribed.
However, in the Crump case, the court noted there was "an absence of continuous tortious conduct, a necessary element of the continuing tort concept." Crump, 737 So.2d at 726. There the court recognized that the theory of continuing tort requires that the operating cause of the injury be a continuous one resulting in continuous damages, even "successive damages from day to day...." Crump, 737 So.2d at 726, citing A.N. Yiannopoulos, Predial Servitudes, § 63 (1983).
In the case before us, we are faced with more than a single act with continuing ill effects. Under the Crump analysis, if Ms. Stilwell stopped using the driveway, the mere continued presence of the encroaching driveway would not be a continuing trespass on the Perrillouxs' property. However, according to the petition, Ms. Stilwell is using the driveway on a regular basis.[3] This is the essence of trespass, which has been defined as the unlawful physical invasion of the property of another. Britt Builders, Inc. v. Brister, 618 So.2d 899, 903 (La.App. 1st Cir.1993). A trespasser is one who goes upon the property of another without the other's consent. Britt, 618 So.2d at 903. Therefore, each use of the driveway would constitute a new trespass with successive damages from day to day. We note that if there had not been a previously existing driveway on the property, the Perrillouxs would have a trespass claim against Ms. Stilwell simply on the basis of her physically entering and crossing a portion of their property every day without their permission. Each such use would be an operating cause of injury and would damage the Perrillouxs by depriving them of their right to the peaceful enjoyment of their property on a successive, day-to-day basis. Each occurrence would give rise to a new cause of action and trigger the applicable prescriptive period from the time of that use. The petition suggests Ms. Stilwell was continuing to use the driveway and was crossing the Perrillouxs' property on a regular basis when the petition was filed. Because we find that each use of the driveway by Ms. Stilwell could constitute a trespass if so determined after a trial on the merits, we conclude that the action brought by the Perrillouxs is not prescribed.

CONCLUSION
The judgment of the trial court sustaining the exception raising the objection of prescription is reversed, and the case is remanded for further proceedings. Costs of this appeal are assessed to Ms. Stilwell.
REVERSED AND REMANDED.
NOTES
[1] Judge Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The court stated that its decision mooted the exception raising the objection of vagueness, and it did not address that issue.
[3] We refer to the allegations of the petition, because no evidence was submitted at the hearing on the exceptions.