THERIOT, J.
12In this trespass suit, plaintiff appeals from a judgment awarding him damages but denying injunctive.relief. The defendant raised the exception of prescription on appeal. For the following reasons, we overrule the exception and affirm.
FACTS AND PROCEDURAL HISTORY
Brandon Hirstius purchased property located at Section 43, Township 8 South, Range 13 East, Greensburg District, St. Tammany Parish, Louisiana by act of sale dated January 7, 1997. Prior to his pur *278 chase, in 1970, the State of Louisiana through the Department of Highways purchased a portion of the property’s northern boundary from Mr. Hirstius’s ancestors in title. Later that same year, the State of Louisiana through the Department of Highways expropriated another portion of the northern boundary of the property from Mr. Hirstius’s ancestors in title. The land subject to the purchase and expropriation ran along U.S. Highway 190. Mr. Hirstius’s purchase of the property was subject to the prior sale and expropriation.
On May 6, 2011, Mr. Hirstius filed a Petition for Trespass against BellSouth Telecommunications, Inc. (“BellSouth”), alleging that BellSouth “placed or caused to be placed its equipment and underground telephone lines under the property without notice to Brandon Hirstius or his ancestors in title.” Mr. Hirstius’s petition refers to an April 25, 2011 survey showing that a pedestal owned by BellSouth was located 3.84 feet within Mr. Hirstius’s property line and that aerial lines encroached on Mr. Hirstius’s property from a BellSouth pole located on adjacent property approximately 295.39 feet to a BellSouth pole located on Mr. Hirstius’s property. Mr. Hirstius also alleged that BellSouth buried underground utilities on his property.
|;¡Mr. Hirstius further alleged in his petition that BellSouth’s use of his property for burying its underground cables and placing aerial lines was both an unlawful taking made in bad faith without payment first made and constitutes a trespass. Mr. Hirstius further alleged that BellSouth’s actions were taken without a servitude agreement and that neither he nor his ancestors in title acquiesced to BellSouth’s use of the property.
Mr. Hirstius demanded that BellSouth remove its equipment from his property, pay “dominant estate expenses for damages,” and repair any damage to the grounds and trees caused by the removal of the aerial lines. In the alternative, Mr. Hirstius requested damages for trespass and damages for the delay of construction of improvements on his property. Mr. Hirstius requested reasonable rent of $700.00 per month from January 1997 through May 2011 for the property used without his consent, which he alleged to be 0.03 acres, for a total of $119,700.00. Alternatively, he requested compensatory general damages and restoration of his property.
BellSouth answered Mr. Hirstius’s petition and alleged that it had obtained a servitude by operation of law on the property pursuant to the St. Julien Doctrine, La. R.S. 19:1 et seq., or by acquisitive prescription.
After a bench trial, the court found that BellSouth’s placement of a pedestal and aerial cables on Mr. Hirstius’s property constituted a trespass for which BellSouth was liable for damages. Finding no evidence of physical property damage resulting from the trespass, and having heard no evidence regarding the cost of removing the pedestal from the property, the court considered evidence regarding what Bell-South typically pays landowners for a similar-sized servitude, as well as the inconvenience, invasion of privacy, and mental suffering inflicted upon Mr. Hirstius, and awarded $3,500.00 in damages. The court also awarded Mr. Hirstius |4$700.00 for the cost of the survey to determine the encroachment. The court rejected Mr. Hir-stius’s claims related to the underground cables and the pole, finding that Mr. Hir-stius failed to prove the existence of any buried cables on his property or that Bell-South owned the pole located on his property. The court rejected BellSouth’s argument that it had acquired a servitude on Mr. Hirstius’s property by operation of law pursuant to La. R.S. 19:14, finding that there was no evidence that BellSouth *279 had a good faith belief that it had the authority to construct facilities on Mr. Hir-stius’s property, nor was there evidence that Mr. Hirstius or his predecessors in title acquiesced in the use of the property.
A new trial was granted by the court, by agreement of the parties, on the sole issue of Mr. Hirstius’s request for injunctive relief ordering BellSouth to remove the equipment from his property. After the new trial, the court found that Mr. Hirsti-us failed to prove that irreparable injury would result if the injunction was not issued, making an injunction under La. C.C.P. 8601[1] inappropriate. The court further held that Mr. Hirstius was not entitled to an injunction under La. C.C.P. art. 3663[2] because he failed to carry his burden of proving that he or his ancestors in title were in possession of the immovable property for one year prior to the aerial lines or pedestal being placed. Mr. Hirstius has appealed from both the trial judgment awarding damages and the judgment on the new trial denying injunctive relief. BellSouth has filed a peremptory exception of prescription |Bwith this court, alleging that Mr. Hirsthius’s claims for damages resulting from trespass have prescribed.
DISCUSSION

Prescription

BellSouth’s exception of prescription, raised for the first time on appeal,[3] urges that Mr. Hirstius’s claims arising from BellSouth’s trespass have prescribed since he did not file suit within one year of the date he knew or should have known of the trespass. BellSouth argues that the pedestal and aerial cables were in place at the time Mr. Hirstius purchased the property in 1997 and that the trial court found the encroachment to be open and obvious; therefore Mr. Hirstius either knew or should have known of the trespass at the latest in 2002, when he had his property surveyed and walked the boundary to observe the markers placed by the surveyor.
A suit seeking damages for trespass is an action in tort. Bennett v. Louisiana Pacific Corp., 29,598, p. 2 (La.App. 2nd Cir. 5/9/97), 693 So.2d 1319, 1321, writ denied, 97-1552 (La.10/3/97), 701 So.2d 199. Tort actions are subject to a libera-tive prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage. La. C.C. art. 3493. Perrilloux v. Stilwell, 2000-2743, p. 3 (La.App. 1 Cir. 3/28/02), 814 So.2d 60, 62.
Although Mr. Hirstius testified that he first learned of the possible encroach- *280 merit in 2010, BellSouth argues that prescription began to run in | ⅜2002, when Mr. Hirstius should have known of the encroachment. BellSouth alleges that the trial court found the encroachment to be open and obvious, such that Mr. Hirstius should have seen it when he walked the property; however, the trial court made no such finding. Rather, the trial court noted BellSouth’s argument that the encroachment was open and obvious, and went on to find that if that were true, then Bell-South should have noticed the encroachment itself and sought authority from the property owner to place its equipment.
The evidence before the court was that Mr. Hirstius’s property encompassed approximately thirteen acres, bordered on one side by Bayou Lacombe and fronting on U.S. Highway 190. The property was mostly wooded at the time Mr. Hirstius purchased it, with a small “broken-down house” and a metal building. Mr. Hirstius worked on the property a little at a time over the years, repairing the small house to live in, building a bulkhead along the water, and then clearing and improving his land as time and money allowed. The part of Mr. Hirstius’s property on which the utilities were located was surrounded by brush and woods and there was no evidence Mr. Hirstius had been keeping the area clear or using the area in any way prior to the time he stated he discovered the encroachment in 2010. Mr. Hirstius testified that the area was heavily wooded when he purchased the property, and he left it that way as a buffer between the highway and his house. Mr. Hirstius did have a survey done and markers placed on the boundary for purposes of erecting a fence in 2002, but the survey did not show an encroachment, and Mr. Hirstius testified that he did not discover that Bell-South’s utilities encroached on his property when viewing the two markers placed along the highway by the surveyor. He testified that he did not discover the encroachment until he was ready to begin work clearing that 17part of his property to make improvements in the spring of 2010 and contacted the utility companies to have their facilities marked. Given the evidence before us, we cannot say that Mr. Hirstius should have known of the encroachment prior to the time he discovered it; therefore his claims for trespass have not prescribed.

Plaintiffs Assignments of Error

Mr. Hirstius first argues on appeal that the court erred in failing to award damages for BellSouth’s past and present use of his premises. On appellate review, damage awards will be disturbed only when there has been a clear abuse of the trier of fact’s discretion. The discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Only after making a finding that the record supports that the factfinder abused its much discretion can the appellate court disturb the award, and then only to the extent of raising or lowering it to the highest or lowest point which is reasonably within the discretion afforded that factfinder. Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976).
*281 The trial court explained in its July-31, 2012 Reasons for Judgment that its award of $3,500.00 in damages for Bell-South’s trespass was based upon testimony that the aerial cables were approximately three and a half to |8four feet inside Mr. Hirstius’s property and extended for approximately three hundred linear feet, and that BellSouth’s usual compensation for a five-foot wide servitude is between $1.00 and $2.00 per linear foot. In addition to this, the award took into consideration Mr. Hirstius’s inconvenience and delay due to his inability to construct a planter and flagpole in his desired location. The court noted that Mr. Hirstius offered no proof of the dollar amount of loss caused by the delay, nor did he offer proof of the fair market value for rent as requested in his petition. After reviewing the record in its entirety, we cannot say that the trial court abused its discretion in awarding damages in the amount of $3,500.00. This assignment of error is without merit.
Mr. Hirstius next argues that the trial court erred in raising the exception of prescription sua sponte by requesting counsel to brief whether the trespass was a continuing tort. There is no evidence in the record that the trial court requested the parties to brief this issue. BellSouth does mention the continuing tort issue in its pre-trial memorandum prior to the new trial on the issue of injunctive relief; however, it appears that the issue of whether the trespass was ongoing and a continuing tort would be relevant to a determination of whether there was a risk of irreparable injury such that injunctive relief would be appropriate. Nevertheless, prescription was not an issue at trial, and when it was raised in this court, we concluded that Mr. Hirstius’s claims are not prescribed. Thus, this assignment of error is moot.
Mr. Hirstius also argues that the trial court erred in failing to grant his request for injunctive relief, ordering BellSouth to remove the equipment from his property. However, Mr. Hirstius concedes in his appellate brief that this issue is now moot as well, as the equipment at issue was destroyed by Hurricane Isaac on August 29, 2012, and was subsequently removed from the 13property by linemen. It appears from Mr. Hirstius’s brief that the telephone pole may still be located on Mr. Hirstius’s property; however, since the trial court concluded that Mr. Hirstius failed to prove that the pole belonged to Bell-South, the issue of its removal is not before us.
CONCLUSION
For the reasons set forth above, the trial judgment and the judgment on the new trial are affirmed. Defendant’s exception of prescription is overruled. Each party is to bear his own costs.
AFFIRMED; EXCEPTION OF PRESCRIPTION OVERRULED.
GUIDRY, concurs.

. Louisiana Code of Civil Procedure article 3601 provides that an injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant.

. Louisiana Code of Civil Procedure article 3663 provides that injunctive relief to protect or restore possession of immovable property or of a real right therein is available to a plaintiff in a possessory action, during the pendency thereof, and to a person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right therein of which he claims the ownership, the possession, or the enjoyment.

.Louisiana Code of Civil Procedure article 2163 provides that the appellate court may consider a peremptory exception filed for the first time in that court, if pleaded prior to the submission of the case for a decision, and if proof of the ground of the exception appears of record.