# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 24-42

ALFRED RAY HATCH

VERSUS

JERRY MICHAEL WATKINS AND

THE LAMAR COMPANIES

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2019-7972
HONORABLE THOMAS JAMES FREDERICK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### D. KENT SAVOIE
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Van H. Kyzar, Judges.

**REVERSED IN PART,**
**AND REMANDED.**

Ralph E. Kraft
Bryan E. Lege
Kraft Lege, LLC
600 Jefferson St., Ste. 410
Lafayette, LA 70501
(337) 706-1818
COUNSEL FOR PLAINTIFF/APPELLANT:
    Alfred Ray Hatch

Emile Joseph, Jr.
Robert A. Robertson
Allen & Gooch, A Law Corporation
P.O. Box 81129
Lafayette, LA 70598-1129
(337) 291-1310
COUNSEL FOR DEFENDANT/APPELLEE:
    Jerry Michael Watkins

Michael D. Hebert
James P. Doherty, III
Jeremy A. Hebert
Daniel J. Gauthier
Becker & Hebert, LLC
201 Rue Beauregard
Lafayette, LA 70508
(337) 233-1987
COUNSEL FOR DEFENDANT/APPELLEE:
    The Lamar Companies

**SAVOIE, Judge.**

Plaintiff, Alfred Ray Hatch ("Hatch"), appeals the trial court's judgment granting Defendants' motion for involuntary dismissal and dismissing Hatch's claims. For the following reasons, we reverse in part and remand for additional proceedings in accordance with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Hatch owns a 2.47-acre tract of land in Lafayette Parish. Defendant, Michael Jerry Watkins ("Watkins"),[1] owns a 1.27-acre tract of land contiguous to and east of Hatch's property. In approximately February 2019, Watkins began a construction project to enlarge a commercial building on his property and expand the parking lot to the west of the building. Specifically, the parking lot was expanded to cover a ditch where drainage culverts had been installed by Watkins in 2015. In May or June of 2019, Hatch made several complaints to the local police department that Watkins and/or construction personnel were impermissibly on his property, and the police requested paperwork showing the property lines.

Hatch had the property surveyed in September 2019. The survey identified the boundary line between the eastern portion of Hatch's property and the western portion of Watkins's property. It further indicated that a portion of the parking lot on Wakins's property encroached onto Hatch's property. The survey also indicated that the center pole of a billboard structure bisected the boundary line such that a portion of it encroached onto Hatch's property. Both the encroaching parking lot and billboard are located in the area where the drainage ditch is.

---

[1] Watkins is referred to as "Jerry Michael Watkins" in the Petition; however, at trial, and in other proceedings in this matter, he is identified as Michael Jerry Watkins.

The billboard structure was originally constructed in 2006 by Gordon Outdoor Advertising, who had a lease with Watkins.[2] The lease granted an easement to Gordon for the construction and use of an outdoor advertising sign on a portion of Wakins' property, with the "center pole located 10 feet south of the northern most property line and forty five feet west of the eastern most property line." It further contemplated rent in the amount of $3,000.00 per year.

The Lamar Companies ("Lamar") acquired the billboard structure from Gordon in 2007. According to Lamar, the structure is approximately thirty-six to forty feet high, with four advertising "faces" that are elevated at varying heights. Two of the billboard's advertising "faces" face north, and the other two face south.

On December 30, 2019, Hatch filed a Petition for Damages against Watkins and Lamar. Hatch alleged that Watkins caused the construction of improvements that encroached onto Hatch's property, that Wakins allowed construction personnel to use Hatch's property without permission, and that Watkins "caused or permitted deposits of refuse and construction material to be deposited on and which still remain on Hatch's property." Hatch's petition further alleges that Watkins is liable to Hatch "for damages . . . including, but not limited to the continuing trespass and encroachment."

Hatch's petition also alleges that the base of Lamar's billboard structure "and advertising caisson encroach, without permission, on the Hatch property, and violates the airspace above Hatch's property." It further alleges that Lamar is liable to Hatch for "damages . . . including, but not limited to the continuing trespass and encroachment."

---

[2] A copy of the lease was submitted into evidence during trial.

While Hatch's petition seeks damages against Watkins and Lamar arising from the alleged encroachments and trespass, it does not seek the removal of the encroachments, seek a determination of the properties' boundary lines, or otherwise assert a real action contemplated by La.Code Civ.P. arts. 3651-3753.

A two-day bench trial was held beginning September 18, 2023. During trial, the parties stipulated that a 1,140 square-foot area of the parking lot to the west of Watkins's building encroaches onto the eastern portion of Hatch's property. Watkins also testified that the parking lot to the west of his building contains between ten and fifteen parking spaces, with four to five of those spaces on the portion of the parking lot that encroaches onto Hatch's property. Hatch testified that he did not give Watkins permission to utilize any portion of his property for the parking lot or otherwise.

The parties also stipulated that Lamar's billboard has an above ground encroachment onto Hatch's property of 206.33 square feet, which includes a 1.95 square foot portion of the billboard's base, or pole. Lamar continues to use the structure and sell advertising space to its clients. Hatch testified that he does not have a lease agreement with Lamar and has not otherwise given Lamar permission to utilize any portion of his property.

Following Hatch's presentation of his case at trial, Watkins and Lamar asserted a joint motion for involuntary dismissal, which the trial court ultimately granted. In its oral reasons for ruling, the trial court noted the parties' stipulation regarding the encroaching parking lot and billboard structure onto Hatch's property; however, it ultimately concluded that Hatch failed to prove that the presence of the encroachments constituted a trespass. The trial court also concluded that Hatch failed to prove damages arising from the construction personnel's alleged use and

3

storage of construction materials on his property during Watkins's construction project and also that Hatch "failed to prove damages caused by the agreed upon encroachment."

Hatch appeals and asserts the following as assignments of error:

A. The [trial] [c]ourt committed legal error in holding that there was an encroachment but no trespass where there was an undisputed unlawful physical invasion of the Hatch Property by both the Lamar Companies and Michael Jerry Watkins.

B. The [trial] [c]ourt committed legal error in finding no trespass thereby pretermitting a ruling on damages for trespass.

C. The [trial] [c]ourt committed legal error and/or abused its discretion in granting Defendants', The Lamar Companies and Miachel Jerry Watkins, Motion in Limine regarding Plaintiff's ability to present evidence of a loss of revenue as an element of damages for trespass.

D. The [trial] [c]ourt committed manifest error in granting Defendants', the Lamar Companies and Michael Jerry Watkins, Motion for Involuntary Dismissal.

We note that Hatch has not appealed the trial court's dismissal of Hatch's claims arising out of Watkins' and/or the construction personnel's alleged use of his property during the construction project for the storage of materials, but rather focuses only on the trial court's dismissal of Hatch's claims arising out of the encroachments. Therefore, we consider on appeal only the trial court's rulings with respect to Hatch's claims arising out of the encroachments.

## ANALYSIS

*Motion in Limine and Motion to Quash*:

In his third assignment of error, Hatch challenges the trial court's pre-trial ruling granting Lamar's Motion in Limine to Exclude Evidence of Billboard Revenue and Motion to Quash Subpoena Duces Tecum.

4

On August 21, 2023, Lamar filed a motion seeking to exclude evidence of its revenue from the billboard at issue and to quash Hatch's Subpoena Duces Tecum directing Lamar[3] to produce at trial its "Billing Structure Audit" dated March 9, 2007–August 15, 2023, related to the structure at issue. Trial on the merits was scheduled for September 18, 2023.

In its supporting memorandum to the trial court, Lamar noted that Hatch had included Rebecca A. Rothschild on his list of expert witnesses filed on July 5, 2023; however, Hatch had not previously disclosed Ms. Rothschild as a potential witness even though the case had been pending since December 2019. Hatch indicated that Ms. Rothschild was a certified appraiser and that her testimony was to include her opinion stated in a June 12, 2023 report that, *inter alia*, Hatch should be compensated "the appropriate percentage of past and future revenue from the billboard." Lamar further noted in its memorandum that it and Watkins had also filed a separate motion to exclude Ms. Rothschild's report and testimony and that its motion seeking to exclude evidence of the billboard's revenue was filed "in contemplation of the possibility that a) Ms. Rothschild's report is somehow not excluded by the [trial] [c]ourt in its entirety, or b) Plaintiff [Hatch] may attempt to introduce evidence of Billboard revenue through other expert or fact witnesses."

Lamar argued in its memorandum to the trial court that Hatch's claims are grounded solely in tort, that Hatch's trespass claim is based upon the encroaching billboard, and that "the trespass and the encroachment are co-extensive." Lamar also suggested that because Hatch's claims are grounded in tort, evidence of Lamar's

___

[3] Specifically, the subpoena was directed to "The Lamar Companies/Lamar Advertising of Lafayette Company's Person Best Able to Testify and/or Having Custody of the Billing Structure Audit Data and/or Preparer of the Billing Structure Audit Made Subject of the Subpoena Duces Tecum[.]"

past and future revenue from the billboard is not relevant and therefore not admissible in accordance with La.Code E. art. 402. Specifically, Lamar argued that tort damages are meant to place the injured party in as good as a position he was in prior to the injury to the property, but not in a superior position, and that only compensatory, and not punitive or exemplary damages, are awardable. Therefore, according to Lamar, Hatch's recovery is limited to general damages sustained as a result of the disturbance of his peaceful possession, damages to compensate for a loss of value in the property, and/or an interference with the property's use.

Lamar also argued in its memorandum to the trial court that the Subpoena Duces Tecum compelling the production of the "Billboard Audit" at trial was impermissibly vague, not specifically directed to a witness who had been previously disclosed on Hatch's witness list, and that the discovery deadline had long passed. It further argued that the subpoena sought production of documents related to Lamar's revenue, which is irrelevant and not admissible.

In opposition, Hatch argued in its memorandum to the trial court that Lamar is a bad faith possessor, and, as such, is liable to Hatch in accordance with La.Civ.Code art. 486 for the civil fruits it gathered from the billboard, and that such fruits necessarily include Lamar's revenue from its use of the billboard impermissibly on Hatch's property. Therefore, according to Hatch, evidence of Lamar's revenue related to the billboard at issue is relevant and admissible.

In response, Lamar submitted a memorandum arguing that Hatch's petition sought only tort damages and that during the case's three and a half years of litigation, Hatch had never asserted a claim to recover damages under a theory of right of accession or otherwise in accordance with La.Civ.Code art. 468. Lamar argued that

6

Hatch's attempt to expand the pleadings less than a week before trial and in response to Lamar's motion in limine and motion to quash was impermissible.

Following a hearing on September 13, 2023, the trial court granted Lamar's motion and signed a judgment excluding all evidence of revenue from the Lamar billboard and quashing Hatch's Subpoena Duces Tecum. While the minutes from the hearing reflect that the trial court provided oral reasons for its ruling, the transcript from the hearing is not included in the record before us on appeal. We further note that the trial court granted Defendants' joint motion in limine seeking to exclude Ms. Rothschild's expert testimony and report, and that Hatch has not appealed that ruling.

"Motions in limine are reviewed on appeal using the abuse of discretion standard of review, giving the trial court great discretion in its consideration of the motion." *Noel v. Noel*, 15-37, p. 15 (La.App. 3 Cir. 5/27/15), 165 So.3d 401, 413, *writ denied*, 15-1121 (La. 9/18/15), 178 So.3d 147 (citing, *Scott v. Dauterive Hosp. Corp.*, 02-1364 (La.App. 3 Cir. 4/23/03), 851 So.2d 1152, *writ denied*, 03-2005 (La. 10/31/03), 857 So.2d 487). Similarly, a trial court's ruling on a motion to quash a subpoena is reviewed for an abuse of discretion. *Marshall v. Marshall*, 23-132 (La.App. 3 Cir. 11/22/23), 374 So.3d 427. Given that Hatch's petition seeks only generally "damages . . . including, but not limited to the continuing trespass and encroachment[,]" and does not specifically assert a claim for civil fruits obtained by Lamar during any alleged bad-faith possession of Hatch's property as contemplated by La.Code Civ.P. art. 486, and without the benefit of the trial court's reasons for excluding the evidence, we cannot say that the trial court abused its discretion in granting Lamar's Motion in Limine to Exclude Evidence of Billboard Revenue and Motion to Quash Subpoena Duces Tecum.

*Motion for Involuntary Dismissal*:

The remainder of Hatch's assignments of error asserted on appeal involve the trial court's ruling granting Defendants' motion for involuntary dismissal and dismissing Hatch's claims arising out of the encroachment of the parking lot and billboard onto his property.

Louisiana Code of Civil Procedure Article 1672 addresses involuntary dismissals and states in part,

> B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

As stated in *Woods v. Preis PLC*, 21-221, p. 4 (La.App. 3 Cir. 11/3/21), 330 So.3d 1128, 1133, *writ denied*, 21-1808 (La. 1/26/22), 332 So.3d 83,

> In deciding a motion for involuntary dismissal under La.Code Civ.P. art. 1672(B), the trial court must determine "whether the plaintiff has presented sufficient evidence on his case-in-chief to establish his claim by a preponderance of the evidence." *Shafer v. State, Through Dep't of Transp. and Dev.*, 590 So.2d 639, 642 (La.App. 3 Cir. 1991). The trial court's decision to grant the motion is reviewed under the manifest error standard of review. *Id*.
>
> That said, when one or more legal errors interdict the trial court's fact-finding process, the manifest error standard is no longer applicable. *Evans v. Lungrin*, 97-541, 97-577 (La. 2/6/98), 708 So.2d 731. Instead, the appellate court uses the de novo standard of review. *Id*. "A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights." *Id*. at 735 (citation omitted).

On appeal, Hatch argues that the trial court erred in concluding that the stipulated encroachments did not constitute a trespass and thereby pretermitted a consideration of damages awardable for a trespass. We agree.

8

A trespass occurs when there is an unlawful physical invasion of the property or possession of another. *Gaspard v. St. Martin Parish Sewerage Dist. # 1*, 569 So.2d 1083 (La.App. 3 Cir.1990). A trespasser has been defined as "one who goes upon the property of another without the other's consent." *Pepper v. Triplet*, 03-619 (La. 1/21/04), 864 So.2d 181, 197 (citations omitted). Even though the work may have been done by another, the party supervising and/or directing the work and ordering the trespass is liable. *See Gaspard*, 569 So.2d 1083. Damages are recoverable for "unconsented to activities performed on the property of another, based on physical property damage, invasion of privacy, inconvenience, and mental and physical suffering." *Beacham v. Hardy Outdoor Advertising, Inc.*, 520 So.2d 1086, 1091 (La.App. 2 Cir.1987).

> Article 2315 of the Civil Code provides in pertinent part that every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. The tort of trespass has long been recognized by courts throughout this state as a means to correct the damage caused when an owner is unjustly deprived of the use and enjoyment of his immovable.

*Britt Builders, Inc. v. Brister*, 618 So.2d 899, 903 (La.App. 1 Cir.1993).

> [A] defendant may be held liable for trespass even in the absence of intent—i.e. when the plaintiff offers proof that the defendant was at fault in causing the trespass pursuant to the general tort article, La. C.C. art. 2315. *See* M. Cresson, Comment, "The Louisiana Trespass Action: A 'Real' Problem," 56 La. L.Rev. 477 (1995), citing *Phillips v. Town of Many*, 538 So.2d 745 (La.App. 3d Cir.1989); *Brown v. Bedsole*, 447 So.2d 1177 (La.App. 3d Cir.), *writ denied*, 450 So.2d 358 (La.1984).

*Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co.*, 00-2754 (La.App. 4 Cir. 11/14/01), 803 So.2d 86, 96, *writ denied*, 01-3292 (La. 3/8/02), 811 So.2d 887.

*Richard v. Richard*, 09-539, pp. 5–6 (La.App. 3 Cir. 11/4/09), 24 So.3d 292, 296.

In the instant case, Hatch submitted evidence indicating that Watkins caused a portion of the parking lot to be constructed on his property and that Watkins' business has used and continues to use the encroaching portion of the parking lot. There is also evidence indicating that Hatch did not give Watkins permission to construct and/or use a parking lot on his property. Similarly, the record indicates

that Lamar has used and continues to use the billboard structure that encroaches onto Hatch's property without Hatch's permission.

The Louisiana Supreme Court stated in *Hogg v. Chevron USA, Inc.*, 09-2632, pp. 16–17 (La. 7/6/10), 45 So.3d 991, 1003 (emphasis added):

> In Louisiana, the concept of continuing tort finds its origins in trespass and nuisance cases. *In re Medical Review Panel for the Claim of Moses*, 00-2643, p. 15 (La. 5/25/01), 788 So.2d 1173, 1183. Under Louisiana law, a trespass can be continuous or it can terminate. *Kling Realty Company, Inc. v. Chevron USA Inc.*, 575 F.3d 510, 519 (5th Cir.2009). A continuous trespass is a continuous tort; one where multiple acts of trespass have occurred and continue to occur; where the tortious conduct is ongoing, this gives rise to successive damages. *See, e.g., Perrilloux v. Stilwell*, 00-2743 (La.App. 1 Cir. 3/28/02), 814 So.2d 60 (**continuing trespass found where neighbor continued to use driveway that encroached on landowner's property, depriving landowner of peaceful enjoyment of property on a successive, day-to-day basis**).

Watkins's and Lamar's continued used of the parking lot and/or billboard structure are analogous to the neighbor's use of the encroaching driveway in *Perrilloux*, which was held to be a continuous trespass; therefore, we conclude that the trial court erred in finding that Hatch failed to prove a trespass with respect to the encroaching parking lot and billboard structure and in granting Defendants' motion for involuntary dismissal with respect to Hatch's claims arising out of Defendants' continuous use of the encroaching improvements. Because the trial court concluded that Hatch failed to prove a trespass with respect to the encroachments, it necessarily pretermitted consideration of whether Hatch is entitled to damages for trespass. Therefore, the decision of the trial court must be reversed in part, and the matter remanded for additional proceedings.

We note that Lamar has answered Hatch's appeal in this matter and seeks review of the trial court's prior interlocutory ruling denying its exception of prescription, on which this court previously denied supervisory writs. *Hatch v.*

10

*Watkins*, 20-510 (La.App. 3 Cir. 2/26/21). However, given our decision to reverse the trial court's ruling granting Defendants' motion for involuntary dismissal in part and to remand for additional proceedings, we decline to again consider Lamar's exception at this time.

## DECREE

For the reasons set forth above, we reverse the trial court's ruling granting Watkins' and Lamar's joint motion for involuntary dismissal with respect to Hatch's trespass claims arising out of the encroaching parking lot and billboard structure, and we remand the matter for further proceedings. Costs of this appeal are assessed equally to Defendants Watkins and Lamar.

**REVERSED IN PART, AND REMANDED.**